Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, Idaho 83702-7714
Telephone: (208) 342-5000
zjmccraney@hollandhart.com

J. Derek Kearl (*pro hac vice forthcoming*)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
jdkearl@hollandhart.com

Jeffrey N. Rosenthal (*pro hac vice forthcoming*)
Thomas P. Cialino (*pro hac vice forthcoming*)
BLANK ROME
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
jeffrey.rosenthal@blankrome.com
thomas.cialino@blankrome.com

*Attorneys for Defendant Pro Source Lending Group, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MATTHEW VANDERSLOOT,<br><br>Plaintiff,<br><br>v.<br><br>PRO SOURCE LENDING GROUP, LLC,<br><br>Defendant. | Case No. ________________<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Pro Source Lending Group, LLC ("Defendant"), by and through its undersigned counsel, hereby removes this action from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, where it

is now pending, to the United States District Court for the District of Idaho. Defendant states the following grounds for removal:

1. On April 5, 2025, Plaintiff Matthew Vandersloot ("Plaintiff") filed a Complaint and Demand for Jury Trial (the "Complaint") against Defendant in the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, captioned *Matthew Vandersloot v. Pro Source Lending Group, LLC,* Case No. CV10-25-2422 (the "State Court Action").

2. Plaintiff served Defendant with the Complaint in the State Court Action on November 3, 2025.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, which constitutes copies of all "process, pleadings, and orders" in the State Court Action, is attached hereto as **Exhibit 1**.

4. In the Complaint, Plaintiff set forth two different claims against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). *See* Exhibit 1, Complaint at ¶¶ 25-34.

5. In addition, Plaintiff set forth a claim against Defendant under the Idaho Consumer Protection Act (the "ICPA"). *Id.* at ¶¶ 35-40.

6. Because Plaintiff has asserted claims under a federal statute, alleging that Defendant violated the TCPA and because Plaintiff seeks actual damages in connection with his claims, Plaintiff's action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1367, to the extent jurisdiction is not otherwise provided in this Notice, Defendant respectfully requests that this Court exercise supplemental jurisdiction over Plaintiff's ICPA claim in Count III of the Complaint insofar as this claim is so related to

Plaintiff's TCPA claim that it forms "part of the same case or controversy under Article III of the United States Constitution."

8. This Notice of Removal is being timely filed within thirty (30) days of Defendant's receipt of the Complaint as required by 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County.

10. This Court is the District Court of the United States for the district and division embracing the place where the Complaint was filed and the State Court Action is pending – Bonneville County, Idaho—and this Court is the proper court for removal. 28 U.S.C. § 1446(a).

11. In accordance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal, which is being timely filed with the clerk of the state court in which the action is pending (and which will be served on Plaintiff's counsel), is attached hereto as **Exhibit 2**.

12. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

13. If Plaintiff seeks to remand this case, or this Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE,** Defendant Pro Source Lending Group, LLC respectfully removes this action from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County to the United States District Court for the District of Idaho.

Dated December 2, 2025

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/Zachery J. McCraney*

Zachery J. McCraney
*Attorneys for Defendant, Pro Source Lending Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, I caused a true and correct copy of the foregoing document to be served via electronic mail upon the following:

Isaac J. Eddington
4609 West 65th South
Idaho Falls, ID 83402
ieddington@rbm.us

*Attorneys for Plaintiff*

*/s/Zachery J. McCraney*
Zachery J. McCraney
For HOLLAND & HART LLP

# EXHIBIT 1

Hearings | Pay | Guide & File | E-File | Terms and Conditions | Support | Claudia | Sign Out

# Matthew Vandersloot Plaintiff, vs. Pro Source Lending Group, LLC Defendant.

AA- ALL INITIAL DISTRICT COURT FILINGS (NOT E, F, AND H1)

## Case Overview

CASE NUMBER
**CV10-25-2422**

STATUS
*Open*

FILED
04/25/2025

LAST UPDATE
10/24/2025

COURT
Bonneville County District Court

JUDICIAL OFFICER
Whyte, Michael J.

## Parties & Participants

**Vandersloot, Matthew**
Born: 1981
*Plaintiff*

**Eddington, Isaac Jay**
*Lead Attorney*

**Pro Source Lending Group, LLC**
*Defendant*

## Case Details Timeline

## Upcoming Activity and Details

There are no upcoming events for this case.

## Past Activity and Details

Case Timeline (8) | Hearings (0) | Documents (3) | Charges (0) | All

Newest to Oldest

### 10/24/2025 - Affidavit / Return of Service

*Documents*

Affidavit of Service, with Exhibit 1

*Comment*

Affidavit of Service, with Exhibit 1

### 4/25/2025 - Civil Case Information Sheet

### 4/25/2025 - Summons Issued

*Documents*

Summons

### 4/25/2025 - Complaint Filed

*Documents*

Complaint and Demand for Jury Trial

*Comment*

and Demand for Jury Trial

### 4/25/2025 - New Case - District Civil

Electronically Filed
4/25/2025 11:43 AM
Seventh Judicial District, Bonneville County
Penny Manning, Clerk of the Court
By: Chelsea Planesi, Deputy Clerk

Whyte, Michael J.

Isaac J. Eddington (ISB #12671)
4609 West 65th South
Idaho Falls, ID 83402
Telephone: (208) 534-7865
ieddington@rbm.us

*Attorney for Plaintiff Matthew Vandersloot*

**DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, BONNEVILLE COUNTY**

| | |
|---|---|
| MATTHEW VANDERSLOOT, an Idaho resident<br><br>Plaintiff,<br><br>v.<br><br>PRO SOURCE LENDING GROUP, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. CV10-25-2422<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Vandersloot ("Plaintiff"), by and through counsel of record, for his Complaint against Defendant Pro Source Lending Group, LLC ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly and/or willfully contacting Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and related regulations (specifically the National Do-Not-Call provisions), along with relevant provisions of the Idaho Consumer Protection Act, thereby invading Plaintiff's privacy.

## PARTIES

2. Matthew Vandersloot is a natural person residing in Bonneville County, Idaho, and is a "person" as defined by 47 U.S.C. § 153 (39).

3. Defendant Pro Source Lending Group, LLC is a Florida limited liability company with its registered address in Boca Raton, Florida.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 47 USC § 227(b)(3) and Idaho Code § 5-514.

5. Venue is proper in Bonneville County, Idaho pursuant to Idaho Code § 5-404.

## STATEMENT OF FACTS

6. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA prohibits making multiple telemarketing calls to a residential subscriber who has previously registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

8. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

10. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

11. The TCPA also regulates, among other things, the use of automated dialing systems. 47 U.S.C. §227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (a) to store or produce telephone numbers to be called using a random or sequential number generator; and (b) to dial such numbers.

12. Specifically, 47 U.S.C. §227(a)(1)(A) and (B) prohibits any call using an ATDS ***or*** an artificial or prerecorded voice to a cellular phone without prior consent by the person being called unless said call is for emergency purposes.

13. Texts, as well as calls, are governed by the TCPA.

14. The Plaintiff did not consent to receiving telemarketing calls or text messages from the Defendant prior to the TCPA violations at issue here.

15. Plaintiff is a residential subscriber under the TCPA, as regards the telephone numbers in question.

16. Plaintiff uses these numbers for personal, residential, and household reasons.

17. Plaintiff's relevant telephone numbers have been listed on the National Do Not Call Registry since he listed them there more than 31 days prior to the calls at issue. *See* Exhibit B.

18. Plaintiff has never been a customer of Defendant.

19. Defendant has repeatedly contacted Plaintiff on the referenced telephone numbers, by both call and text. Some of these calls appear to have been made under other business names that are, on information and belief, substituted or alternative names for the Defendant and/or names of entities affiliated or connected with Defendant. These names include (without limitation) Fast Funds Group, Go Pro Capital, and Go Pro Lending.

20. A partial, nonexclusive list of Defendant's calls and texts to Plaintiff's telephone numbers, compiled to the best of Plaintiff's knowledge at this time by the Telespam Project, LLC, is attached as Exhibit A.

21. Plaintiff never provided his consent for, or requested, those calls from Defendant which violated the TCPA; in fact, Plaintiff asked Defendant on more than thirty occasions to put him on its own Do-Not-Call list, but the calls and texts continued nonetheless.

22. In addition, some of Defendant's calls and texts to Plaintiff may have been placed to Plaintiff's cellular phone(s) using an ATDS, and/or an artificial or prerecorded voice.

23. Defendant did not have prior express consent from Plaintiff to place those automated calls or texts which violated the TCPA; in fact, Defendant continued sending those calls and texts despite multiple requests to stop and/or place Plaintiff's number(s) on its Do-Not-Call List.

24. Defendant's calls and texts to Plaintiff's cell phones were not for "emergency purposes."

## COUNT I – NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

26. It is a violation of the TCPA to initiate any telephone solicitation, including texts, to a residential subscriber who has registered his or her telephone number on the National Do Not Call Registry.

27. It is likewise a violation of the TCPA to place calls or texts to a cellular phone using an ATDS or artificial or prerecorded voice in the circumstances described above.

28. Therefore, the calls and texts described in this Complaint constitute numerous and multiple negligent violations of the TCPA.

29. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §(c)(5), and (where applicable) §227(b)(3)(B), along with appropriate injunctive and equitable relief.

30. Plaintiff is also entitled to recover all applicable costs and attorneys' fees pursuant to Idaho Code §§ 12-120, 12-121, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

## COUNT II – KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

32. Defendant knowingly and/or willfully placed multiple calls and texts to Plaintiff's cell phone in circumstances that violated the TCPA for the reasons set forth above.

33. As a result of the Defendant's knowing and/or willful violation of the TCPA, the Plaintiff is entitled to an award of treble the Plaintiff's damages or up to $1,500.00 per violation, whichever is greater, pursuant to 47 U.S.C. §227(c)5, and (where applicable) §§(b)(3)(B) and (b)(3)(C), along with appropriate injunctive or equitable relief.

34. The Plaintiff is also entitled to recover all applicable costs and attorneys' fees pursuant to Idaho Code §§ 12-120, 12-121, and Rule 54 of the Idaho Rules of Civil Procedure.

**COUNT III –VIOLATION OF IDAHO CONSUMER PROTECTION ACT**

35. Plaintiff hereby incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

36. Idaho has prohibited and declared unlawful any act or practice that is misleading, false, or deceptive to the consumer in Idaho Code § 48-603.

37. Idaho has also declared that the use of unconscionable methods, acts, or practices are unlawful. Unconscionable methods, acts or practices include those that outrage or offend the public conscience.

38. The acts of Defendant constitute violations of Idaho's Consumer Protection Act insofar as Defendant employed deceptive, false, or misleading acts or practices that outrage or otherwise offend the public conscience.

39. Plaintiff is entitled to recover his actual damages or one thousand dollars ($1,000), whichever is greater, for the foregoing violations.

40. Plaintiff is also entitled to recover all applicable costs and attorneys' fees pursuant to Idaho Code §§12-120, 12-121, 48-608, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

**JURY DEMAND**

Plaintiff demands trial by a jury of no less than 12 persons pursuant to Rule 38 of the Idaho Rules of Civil Procedure.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Entry of judgment for Plaintiff and against Defendant of actual and statutory damages pursuant to the TCPA in an amount to be determined at trial, but not less than $133,500.

B. Actual or statutory damages under the Idaho Consumer Protection Act.

C. Awarding Plaintiff his attorney fees and costs pursuant to Idaho Code §§12-120, 12-121, 48-608, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

D. Awarding Plaintiff any other relief deemed just and equitable under the circumstances.

E. A temporary restraining order, preliminary injunction, and permanent injunction enjoining further acts or attempted acts of unfair competition by Defendant.

DATED this 25th day of April, 2025.

MATTHEW VANDERSLOOT

By: *_/s/ Isaac J. Eddington_*
Isaac J. Eddington

**Exhibit A**

Partial list of Defendant's calls and texts to Plaintiff

| Date | Communication Type | Solicitor Address |
|---|---|---|
| 04/26/2021 | Phone Call | 2082737586 |
| 05/05/2021 | Phone Call | 2082644396 |
| 05/28/2021 | Phone Call | 2082644396 |
| 07/14/2021 | Phone Call | 2082644396 |
| 07/16/2021 | Text | 8336411272 |
| 07/29/2021 | Phone Call | 2082644396 |
| 08/31/2021 | Text | 8559865500 |
| 8/31/2021 | Phone Call | 2082644396 |
| 09/01/2021 | Text | 8559865500 |
| 09/07/2021 | Text | 8333762330 |
| 09/07/2021 | Text | 8333762330 |
| 09/15/2021 | Text | 8336971914 |
| 09/23/2021 | Text | 8778043410 |
| 09/23/2021 | Text | 8778043301 |
| 9/23/2021 | Phone Call | 2523505436 |
| 10/05/2021 | Text | 8773930240 |
| 10/07/2021 | Text | 8777850239 |
| 10/13/2021 | Text | 8773816068 |
| 10/18/2021 | Text | 8889845209 |
| 10/18/2021 | Text | 8889845209 |
| 10/19/2021 | Text | 5615599124 |
| 10/21/2021 | Text | 9542872293 |
| 10/28/2021 | Phone Call | 2087292099 |
| 11/01/2021 | Text | 5615595734 |
| 11/03/2021 | Text | 5615595734 |
| 11/11/2021 | Text | 5618676390 |
| 11/15/2021 | Phone Call | 5613003236 |
| 11/15/2021 | Phone Call | 2202703063 |
| 11/16/2021 | Text | 5615595902 |
| 11/16/2021 | Phone Call | 2088961539 |
| 11/17/2021 | Phone Call | 2088961539 |
| 11/18/2021 | Text | 5619316758 |

| Date | Communication Type | Solicitor Address |
|---|---|---|
| 11/18/2021 | Text | 5619316758 |
| 11/30/2021 | Text | 5616233734 |
| 12/13/2021 | Text | 5619337954 |
| 12/13/2021 | Text | 5617394777 |
| 12/16/2021 | Phone Call | 2085827876 |
| 01/19/2022 | Phone Call | 2085827876 |
| 01/20/2022 | Phone Call | 2085827876 |
| 01/31/2022 | Phone Call | 2523505429 |
| 02/02/2022 | Phone Call | 2085547894 |
| 02/23/2022 | Text | 5618678006 |
| 02/23/2022 | Text | 8445492424 |
| 02/23/2022 | Text | 7722388206 |
| 02/23/2022 | Phone Call | 2085827876 |
| 02/24/2022 | Text | 5613755011 |
| 02/24/2022 | Phone Call | 2085827876 |
| 02/25/2022 | Phone Call | 2085827876 |
| 02/25/2022 | Text | 8667612319 |
| 02/25/2022 | Phone Call | 2085827876 |
| 03/10/2022 | Text | 8773893267 |
| 03/16/2022 | Phone Call | 9175689706 |
| 05/09/2022 | Text | 8446299996 |
| 05/09/2022 | Text | 8446299996 |
| 05/13/2022 | Text | 8446299996 |
| 06/16/2022 | Phone Call | 9175689706 |
| 06/16/2022 | Text | 8446299996 |
| 08/12/2022 | Text | 2085630831 |
| 06/07/2023 | Text | 2085630831 |
| 06/13/2023 | Phone Call | Blocked Number |
| 06/13/2023 | Phone Call | Blocked Number |
| 07/28/2023 | Text | 2085630831 |
| 08/01/2023 | Text | 2085630831 |
| 08/23/2023 | Text | 2085630831 |
| 02/15/2024 | Text | 3056291516 |
| 07/02/2024 | Phone Call | 2085161944 |
| 12/05/2024 | Text | 4104538237 |

# Exhibit B

Plaintiff's registration with the National Do Not Call Registry






Electronically Filed
4/25/2025 11:43 AM
Seventh Judicial District, Bonneville County
Penny Manning, Clerk of the Court
By: Chelsea Planesi, Deputy Clerk

Whyte, Michael J.

Isaac J. Eddington (ISB #12671)
4609 West 65th South
Idaho Falls, ID 83402
Telephone: (208) 534-7865
ieddington@rbm.us

*Attorney for Plaintiff*

**DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, BONNEVILLE COUNTY**

| | |
|---|---|
| MATTHEW VANDERSLOOT, an Idaho resident<br><br>Plaintiff,<br><br>v.<br><br>PRO SOURCE LENDING GROUP, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. CV10-25-2422<br><br>**SUMMONS** |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF**. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS. **READ THE INFORMATION BELOW:**

TO: PRO SOURCE LENDING GROUP, LLC

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 21 days after service of this Summons on you. If you fail to so respond the Court may enter judgment against you as demanded by the plaintiffs in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.
2. Admissions or denials of the separate allegations of the Complaint and other defenses you may claim, if your response is an Answer to the Complaint.
3. Your signature, mailing address and telephone number, or the signature, mailing address and the telephone number of your attorney.
4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 4/25/2025.

Penny Manning
Clerk of the Court

7TH JUDICIAL DISTRICT COUNTY OF BONNEVILLE STATE OF IDAHO DISTRICT COURT

By: ______________________
Deputy

Electronically Filed
10/24/2025 2:49 PM
Seventh Judicial District, Bonneville County
Chris Poulter, Clerk of the Court
By: John Frey, Deputy Clerk

Isaac J. Eddington (ISB #12671)
4609 West 65th South
Idaho Falls, ID 83402
Telephone: (208) 534-7865
ieddington@rbm.us

*Attorney for Plaintiff*

**DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, BONNEVILLE COUNTY**

| | |
|---|---|
| MATTHEW VANDERSLOOT,<br><br>Plaintiff,<br><br>v.<br><br>PRO SOURCE LENDING GROUP, LLC,<br><br>Defendant. | Case No. CV 10-25-2422<br><br>Judge Michael J. Whyte<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF IDAHO )
)
County of Bonneville )

I, ISAAC J. EDDINGTON, being first duly sworn, hereby depose and say:

1. I have personal knowledge of the facts set forth in this Affidavit, and if I were called to testify, I could and would truthfully testify thereto.

2. I am an attorney licensed to practice law before the Supreme Court of Idaho, the Supreme Court of Utah, the Supreme Court of Ohio, and the United States District Court for the Northern District of Ohio, and am an attorney of record for Plaintiff Matthew Vandersloot in the above-captioned matter.

3. On October 22, 2025, I caused copies of the Complaint, Jury Demand, and Summons in this action to be sent to the registered agent for Defendant Pro Source Lending Group, LLC, by certified mail with return receipt, addressed to the following:

Pro Source Lending Group, LLC
c/o Ronald Lewis, Esquire
1300 N. Federal Highway Suite 203
Boca Raton, FL 33432

4. The mailing was delivered, and the receipt was signed on October 24, 2025.

5. A true and correct copy of U.S. mail tracking information reflecting the delivery is attached as Exhibit A.

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

DATED this 24th day of October, 2025.

[signature]
Isaac J. Eddington

Subscribed and sworn before me this 24th day of October, 2025.

BRITTNEY M. HARDEN
Exp. 11/26/2030
NOTARY PUBLIC
Comm. No. 20244335
STATE OF IDAHO

[signature]
Notary Public
Commission Expires: November 26, 2030

11:33 00:38 5G 73

**Scheduled Delivery by**

**SATURDAY**

**25** **October 2025** ⓘ by **6:00pm** ⓘ

Your item was delivered to the front desk, reception area, or mail room at 12:12 pm on October 24, 2025 in BOCA RATON, FL 33432. The item was signed for by R RON.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

**Delivered**

**Delivered, Front Desk/Reception/Mail Room**

BOCA RATON, FL 33432
October 24, 2025, 12:12 pm

**Out for Delivery**

BOCA RATON, FL 33432
October 24, 2025, 11:06 am

**Arrived at Post Office**

BOCA RATON, FL 33432
October 24, 2025, 10:55 am

**Arrived at USPS Regional Destination Facility**

WEST PALM BEACH FL DISTRIBUTION CENTER
October 24, 2025, 8:27 am

# EXHIBIT 2

Zachery J. McCraney (ISB #11552)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, Idaho 83702-7714
Telephone: (208) 342-5000
zjmccraney@hollandhart.com

*Attorneys for Defendant Pro Source Lending Group, LLC*

**IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT**

**OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE**

| | |
|---|---|
| Matthew Vandersloot,<br><br>Plaintiff,<br><br>-vs-<br><br>Pro Source Lending Group, LLC,<br><br>Defendant. | Case No.: CV10-25-2422<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

PLEASE NOTE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Pro Source Lending Group, LLC ("Defendant") filed a Notice of Removal in the United States District Court for the District of Idaho on December 2, 2025. A copy of the Notice of Removal is attached as **Exhibit A** to this Notice of Filing of Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), no further proceedings shall occur in this Court unless and until this case is remanded.

December 2, 2025

HOLLAND & HART LLP

*/s/Zachery J. McCraney*
Zachery J. McCraney
*Attorneys for Defendant Pro Source Lending Group, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025 I cause to be filed a true and accurate copy of the foregoing Notice of Filing of Notice Removal was served upon the following individual via this Court's electronic filing system:

Isaac J. Eddington
4609 West 65th South
Idaho Falls, ID 83402
ieddington@rbm.us

*Attorneys for Plaintiff*

*/s/Zachery J. McCraney*
Zachery J. McCraney
For HOLLAND & HART LLP

36405100_v2