UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MATTHEW VANDERSLOOT,

Plaintiff,

v.

PRO SOURCE LENDING GROUP, LLC,

Defendant.

Case No. 4:25-cv-00678-BLW-REP

**ORDER ADOPTING REPORT & RECOMMENDATION**

## INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Raymond E. Patricco. *See* Dkt. 20. Judge Patricco recommends granting in part and denying in part Defendant Pro Source Lending Group, LLC's Motion to Dismiss. Defendant timely objected to portions of the R&R. Dkt. 21. Plaintiff did not file an objection. After conducting a *de novo* review, the Court agrees with Judge Patricco's analysis. Accordingly, it will overrule Defendant's objection and adopt the R&R in its entirety. The Court will note that Plaintiff received an extension of time in which to file a response to the objection—and the Court has not yet received that response. But the Court intends to overrule the objection, so in an effort to streamline and expedite this

matter, the Court will issue the decision now, without waiting for the response.

## GOVERNING LEGAL STANDARD

### A. Standard on Review

Under 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of those portions of an R&R to which a party properly objects. The Court may accept, reject, or modify the recommended disposition. See 28 U.S.C. § 636(b)(1). The Court is not required to conduct *de novo* review of portions of an R&R to which no objection is made. Accordingly, the Court reviews *de novo* those portions of the R&R challenged by Defendant's objections.

### B. Standard on Motion to Dismiss

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying that standard, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but need not accept legal conclusions couched as factual

## DISCUSSION

Plaintiff asserts two claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, each based on Defendant's alleged calls and text messages to his telephone numbers. Claim One alleges negligent and knowing

or willful violations of the TCPA based on Defendant's communications to Plaintiff while his telephone numbers were listed on the National Do Not Call Registry, as well as Defendant's alleged use of an automatic telephone dialing system ("ATDS") and use of an artificial or prerecorded voice. Claim Two separately alleges violations of the TCPA based on 22 text messages allegedly sent using an ATDS.

The Court has considered Defendant's objections to the R&R and finds none persuasive. The Court will begin with the objection related to the ATDS allegations and then turn to the objections relevant to Plaintiff's request for treble damages.

**A. The ATDS Allegations**

Defendant says Judge Patricco erred by not recommending dismissal of "Plaintiff's ATDS claim in Count II." *Objection,* Dkt. 21, at 8. The Court is not persuaded. Broadly speaking—and before turning to Defendant's more specific objections—the Court will note that it agrees with Judge Patricco's analysis of the ATDS allegations across the board. In short, Plaintiff has alleged enough to allow his ATDS theory to proceed beyond the pleading stage. He has alleged, among other things, that 22 identified text messages were sent using an ATDS; that the messages were repetitive and substantially similar; that he had never been Defendant's customer and had not requested or consented to the communications;

that Defendant contacted him at multiple telephone numbers; and that other consumers posted complaints on the internet regarding Defendant's "robotexts." Those allegations, taken together and viewed in Plaintiff's favor, permit a reasonable inference that Defendant used an ATDS as that term is defined by the TCPA.

Turning to Defendant's more specific objections, Defendant first focuses on the content of the text messages, arguing that some of those messages are not generic and repetitive and instead demonstrate that the communications were targeted because they refer to an "application" or ask whether Plaintiff obtained the "working capital" he was seeking. *Objection,* Dkt. 21, at 5-6.

This objection is not persuasive. As an initial matter, Defendant appears to be isolating a few select messages in the group of 22, yet the messages as a whole support Plaintiff's allegations that the messages were generic and repetitive. Further, the only two cases cited in support of this objection—*Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 WL 2401972 (S.D. Cal. June 18, 2012), and *Barry v. Ally Financial, Inc.*, No. 20-12378, 2021 WL 2936636 (E.D. Mich. July 13, 2021)—are easily distinguishable. In *Ibey*, there was no dispute that plaintiff himself initiated the text exchange with Taco Bell. *See* 2012 WL 2401972, at *1, *3. And in *Barry*, the plaintiff conceded that her number was likely called from a stored list. 2021 WL 2936636, at *3. There are no comparable allegations

or concessions here. Rather, Defendant is essentially asking this Court to infer from the wording of two of its own messages that Plaintiff must have submitted an application or otherwise provided Defendant his number. Yet Plaintiff alleges the opposite: that he was never Defendant's customer and did not request the communications. This objection is thus unpersuasive and will be overruled.

As for the second specific objection, Defendant argues that "Judge Patricco erred by finding that public internet reviews Plaintiff enclosed with the Amended Complaint lend support to his claim that Defendant sent him text messages using an ATDS." *Objection,* Dkt. 21, at 6. This objection will also be overruled. Judge Patricco pointed out several reasons why Plaintiff's allegations support an inference that Defendant used an ATDS, one of which was that Plaintiff pled that other consumers complained about robocalls. *See R&R*, Dkt. 20, at 2. The Court agrees that each of these allegations—including the allegation related to other complaints about Defendant's practices—support the claim that Defendant used an ATDS.

In sum, Defendant's objections to the R&R regarding Plaintiff's ATDS theory are not persuasive and will be overruled.

**B. Allegations Related to Willful or Knowing Violations**

The Court will also overrule Defendant's objections regarding Plaintiff's "willful or knowing" allegations. The Court agrees with Judge Patricco that

Plaintiff has plausibly alleged a basis for enhanced damages. Plaintiff alleges that he repeatedly instructed Defendant not to contact him, yet Defendant continued doing so. More specifically, he alleges 38 separate requests over a period of approximately three years and that Defendant stopped contacting him only after the final request. Accepted as true, those allegations plausibly support an inference that Defendant knowingly or willfully continued conduct prohibited by the TCPA. Defendant objects that these allegations lack "indicia of reliability," pointing to the allegation that Plaintiff made his initial do-not-contact request on April 23, *2001*. Dkt. 21 at 8. In context, however, that date appears to be a typographical error. The same paragraph alleges that the 38 requests occurred over a three-year period, and the Amended Complaint elsewhere alleges that the communications at issue began in 2021. More fundamentally, whether Plaintiff can substantiate his allegations is not the question presented by a Rule 12(b)(6) motion. Nor was Plaintiff required at this stage to plead the date of every request, the identity of every person with whom he spoke, or that person's reaction. Defendant may explore those matters in discovery. For present purposes, Plaintiff has alleged that he repeatedly told Defendant to stop contacting him and that Defendant nevertheless continued. That is enough to make his request for enhanced damages plausible. Accordingly, the Court will overrule the objections related to the request for treble damages.

## ORDER

**IT IS ORDERED that:**

1. Defendant Pro Source Lending Group, LLC's Objections to the Report and Recommendation (Dkt. 21) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 20) is **ADOPTED IN IT ENTIRETY.** Accordingly, Defendant's Motion to Dismiss (Dkt. 14) is **GRANTED IN PART** and **DENIED IN PART,** as follows:

   a. The motion is **DENIED** the extent Defendant seeks dismissal of based on Plaintiff's ATDS allegations.

   b. The motion is **GRANTED** to the extent Defendant seeks dismissal of Claim One, but only to the extent that claim is based upon Plaintiff's alleged use of an artificial or prerecorded voice. That portion of the claim is **DISMISSED WITH LEAVE TO AMEND.**

   c. The motion, as it relates to Plaintiff's allegations of willful or knowing conduct on the part of the Defendant, is **DENIED.**

DATED: September 23, 2026

B. Lynn Winmill
U.S. District Court Judge